## No. 14,053.

### SUCCESSION OF RICHARD R. SCHMIDT.

#### SYLLABUS.

1. The services of the physician who attended the deceased for six months previous to his death being shown by the evidence to be of a value greater than the sum for which he was placed on the account of the administrtrix, the account is ordered amended so as to allow him larger compensation.

2.   This claim thus allowed is privileged, as coming under the head of expenses of last illness.

A PPEAL from the Civil District Court, Parish of Orleans—*Sommerville, J.*

*Saunders & Gurley,* for Administratrix, Appellee.

*Bernard Titche,* for Dr. Max Levy, Opponent, Appellant.

The opinion of the court was delivered by

BLANCHARD, J.   This appeal is by Dr. Max Levy from a judgment dismissing his opposition to the account filed by the administratrix.

He claimed $1,500.00 for professional services rendered the deceased for a period of six months previous to his death, and averred that the amount thus due him is *privileged,* as coming under the head of expenses of last illness.

He was put down on the account of the administratrix for $500.00 only, and was not rated as a privileged creditor.

It is explained that the succession being solvent and there being funds to pay all debts, they were not ranked.

The inventory showed assets of the value of $63,535.00, of which $28,500.00 is real estate and $35,035.00 personal property.

The provisional account shows debts aggregating $36,761.30, and it is explained that there are still other debts.

Allowing for these other debts and for depreciation of property under the inventoried value, as shown by the return of sales of the personal property, the value to the widow and heirs of the estate is about $20,000.

A widow and three young children survive the husband and father. These are to be supported and the children educated.

In fixing the allowance for professional services the means of the patient—his ability to respond—is to be taken into consideration.

The dead man was a sufferer from Bright's disease.  He was attended by Dr. Levy for about two years prior to his death, and all his bills were paid except for the service rendered from May 1st, 1900, to the time of death, October 30th, 1900.

The testimony shows that opponent, for the services rendered prior to May 1st, charged and was paid at a higher rate than as shown on the bill forming the basis of the present opposition.

It further shows that the doctor's services were arduous and his attention unremitting; that the patient was exacting in his demands; that much of the physician's time was thus taken up.; that his visits were prolonged, his patient insisting upon his remaining.

He was called upon at all hours of the night, and often during the day his visits to his patient necessitated the sacrifice of his office practice—giving up his office hours to the demands of the sick man.

It is explained that the sufferer's condition became very much more grave from about the 1st of May 1900, and this circumstance justifies, perhaps, the claim that what may be called his last illness began at that date.

It is shown that the sick man suffered great pain and required special treatment for his relief. A part of this treatment was Turkish baths administered, and he required his physician to attend him at the establishment where the baths were taken. Later, when his condition got so bad he could not go to the baths outside, this treatment had to be administered by his physician at his (the sick man's) residence, and the giving of the baths occupied each time about one hour and a half to two hours.

In fact it is shown that the treatment applied to the sick man was much out of the ordinary.

A brother of the dead man, who lived in the same house with him, testified in corroboration of the evidence given by the doctor himself. So did three physicians of note called as witnesses on his behalf.

We are of the opinion that the District Judge erred in dismissing the opposition *in toto* and that opponent is entitled to larger compensation than the $500.00 for which he was put down on the account.

We think, all things considered, his claim should be increased to $900.00.

It is, therefore, ordered that the judgment dismissing the opposition of Dr. Max Levy be avoided and reversed, and it is now adjudged and decreed that the opposition be sustained to the extent of increasing the allowance made to him for professional services from five hundred dollars to nine hundred dollars, with legal interest from the date of the filing of the provisional account, and that the said account be amended in this particular—costs of the lower court and of this court, in this behalf, to be borne by the Succession, appellee.

It is further ordered, etc., that for the nine hundred dollars herein allowed, appellant be recognized as a privileged creditor of the estate.